## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
OLES JEAN-BAPTISTE            :    Civ. No. 3:21CV01482(SALM)
                              :
v.                            :
                              :
OFFICER RYAN FROEHLICH,       :
et al.                        :    November 23, 2021
                              :
------------------------------x
```

### INITIAL REVIEW ORDER

Self-represented plaintiff Oles Jean-Baptiste ("plaintiff"), a pretrial detainee[1] in the custody of the Connecticut Department of Correction ("DOC"), brings this action pursuant to 42 U.S.C. §1983 against a variety of defendants apparently associated with the Norwich Police Department. [Doc. #1]. Plaintiff has been granted leave to proceed in this matter in forma pauperis. See Doc. #2, Doc. #8.

## I.   Standard of Review

Pursuant to 28 U.S.C. §1915A, this Court is required to review any civil complaint filed by a prisoner, and must dismiss

---

[1] The Court may "take judicial notice of relevant matters of public record[.]" Sanchez v. RN Debbie, No. 3:18CV01505(JCH), 2018 WL 5314916, at *2 n. 4 (D. Conn. Oct. 26, 2018) (citing Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012)). The Court takes judicial notice of the Connecticut DOC website, which reflects that plaintiff was admitted to custody on March 3, 2020, and has not been sentenced. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=2 49440

any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, a complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 550 U.S. at 570.

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. See Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019).

## II.  Allegations of the Complaint

The Court accepts the following allegations as true, solely for purposes of this initial review.

On March 2, 2020, plaintiff was a passenger on a friend's scooter, going home from a friend's house. See Doc. #1 at 8. He

2

"saw a police cruiser marked Norwich P.D. driving on the
opposite side of the [road] with its emergency lights on." Id.
Plaintiff told his friend, who was apparently driving the
scooter, "to pull over on the scooter[.]" Id. Plaintiff then
asserts:

> This is when the officer named Ryan Froehlich came out
> of his Norwich P.D. cruiser, and walked to me, then
> started viciously, intentionally assault and battery up
> on me for no reason by punching me on my face repeatedly
> and knocking me down to the ground.
>
> After knocking me to the ground officer Ryan Froehlich
> started to tased me while I was still knocked to the
> ground. Officer Ryan Froehlich tased me on the left side
> of my head right on my temple.

Doc. #1 at 8 (sic). Plaintiff then lost consciousness. Froehlich
checked his pulse and "tased [him] for a second time directly on
[his] left side of [his] chest, right on [his] heart." Id.
Plaintiff contends: "Before the second tasing I was still
unconscious." Id.

Plaintiff could then hear other officers and an ambulance
arrive on scene. See id. at 8-9. He felt officers drag him
across the road, and place him in the back of the cruiser. See
id. at 9. He could tell he was "hidden in the back" of the
cruiser, and alleges that his foot was "shut into the door of
the cruiser." Id. Plaintiff was then taken to the hospital, and
was kept there overnight. See id. Once he was placed in DOC
custody, he was sent to "UConn Hospital" for injuries to his

3

head, eye, and heart, which he received from Norwich Police
Officers. Id.

## III. **Discussion**

Plaintiff's core allegations appear to be the following:

> Officer Ryan Froehlich used excessive force against
> me for no reason.
>
> I was brutally beaten, assaulted, almost to death
> and other officers help hide me also intentionally
> almost killing me.

Doc. #1 at 9 (sic).

The Court construes the Complaint, very generously, as
asserting (A) a Fourth Amendment excessive force claim against
Froehlich and (B) a failure to intervene claim against the
remaining defendants. The Court construes the Complaint as
bringing claims against all defendants in their individual
capacities, for money damages; there is no demand for injunctive
relief. While plaintiff names the City of Norwich and the
Norwich Police Department as defendants, the Complaint makes no
claims against them.

### A.    **Excessive Force – Defendant Froehlich**

Claims of excessive force in connection with a plaintiff's
arrest are considered under the Fourth Amendment rather the
Eighth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989)
("[A]ll claims that law enforcement officers have used excessive
force ... in the course of an arrest, investigatory stop, or

4

other "seizure" of a free citizen should be analyzed under the Fourth Amendment[.]").

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. The Fourth Amendment's protection against unreasonable seizures prohibits the use of excessive force by police officers during the course of an arrest. See Hemphill v. Schott, 141 F.3d 412, 416-17 (2d Cir. 1998).

To state a cognizable Fourth Amendment excessive force claim, a plaintiff must show that the force used by the defendants was "objectively unreasonable." Graham, 490 U.S. at 397. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable police officer on the scene," id. at 396, and it "requires consideration of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." Hemphill, 141 F.3d at 417.

The Complaint does not describe the use of force by any officer other than Froehlich.

Plaintiff alleges that he was simply on the same road as defendant Froehlich, when Froehlich, who was on duty as a Norwich police officer at the time, physically attacked him

5

without provocation or cause. See Doc. #1 at 8-9. Plaintiff
alleges further that he required medical attention at a hospital
as a result of this conduct. See id. at 9. At this stage of
review, such allegations are sufficient to permit the Fourth
Amendment excessive force claims to proceed against defendant
Froehlich in his individual capacity for damages under Section
1983.

**B.   Claims Against Other Individual Officers**

In addition to Froehlich, the following officers are listed
as defendants in the Complaint: Matthew Seidel, Harrison
Formiglio, Elizabeth Harsley, Benjamin Sawaryn, James V.
Mastroiann, and Matthew Goddu. Not one of these officers is
mentioned in the substance of the Complaint. No factual
allegations are made against any of these officers. "In order to
state a claim for damages under section 1983, the plaintiff must
demonstrate the defendant's direct or personal involvement in
the actions which are alleged to have caused the constitutional
deprivation." Roque v. Armstrong, 392 F. Supp. 2d 382, 388 (D.
Conn. 2005) (dismissing claims against defendants as to whom
complaint was "devoid of any allegations"). "In this context,
direct participation requires intentional participation in the
conduct constituting a violation of the victim's rights by one
who knew of the facts rendering it illegal." Komondy v. Gioco,
253 F. Supp. 3d 430, 456 (D. Conn. 2017) (citations and

quotation marks omitted). The Complaint makes no allegations against these individuals. Accordingly, all claims against them are **DISMISSED, without prejudice.**

### C.   Claims against City of Norwich

The Complaint names the City of Norwich as a defendant. See Doc. #1 at 1. No factual allegations are made against the City. "[A] municipality cannot be held liable under §1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). Local governments "are not vicariously liable under §1983 for their employees' actions." Outlaw v. City of Hartford, 884 F.3d 351, 372 (2d Cir. 2018). "Plaintiffs who seek to impose liability on local governments under §1983 must prove, inter alia, that the individuals who violated their federal rights took action pursuant to official municipal policy." Id. (citations and quotation marks omitted). Plaintiff has not alleged any policy, or any facts even suggesting such a policy, sufficient to state a Monell claim against the City of Norwich. Accordingly, all claims against the City of Norwich are **DISMISSED, without prejudice.**

### D.   Claims against Norwich Police Department

The Complaint names the Norwich Police Department as a defendant. However, "a municipal police department is not subject to suit under section 1983 because it is not an

7

independent legal entity." <u>Petaway v. City of New Haven Police Dep't</u>, 541 F. Supp. 2d 504, 510 (D. Conn. 2008); <u>see</u> <u>also</u> <u>Nicholson v. Lenczewski</u>, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) ("A municipal police department ... is not a municipality nor a 'person' within the meaning of section 1983."). Accordingly, all claims against the Norwich Police Department are **DISMISSED, with prejudice.**

## IV.  <u>Conclusion</u>

For the foregoing reasons, the court enters the following orders:

- All claims against the Norwich Police Department are **DISMISSED, with prejudice.**

- All claims against the City of Norwich, Matthew Seidel, Harrison Formiglio, Elizabeth Harsley, Benjamin Sawaryn, James V. Mastroiann, and Matthew Goddu, are **DISMISSED, without prejudice.**

- The case may proceed to service on plaintiff's Fourth Amendment excessive force claim against Officer Ryan Froehlich, in his individual capacity, for damages.

Plaintiff has <u>two options</u> as to how to proceed after this Initial Review Order:

**(1)  If plaintiff wishes to proceed with the Complaint as against Officer Ryan Froehlich only, in his individual capacity, he may do so without further delay.** To choose this option,

plaintiff need only file a Notice on the docket stating that he wishes to proceed against Officer Froehlich only. If plaintiff files this Notice, the Clerk will immediately provide plaintiff with the "service packets" to be completed, so that the process of service on defendant Froehlich (by waiver or, if necessary, by formal service) can begin.

(2)  **If plaintiff wishes to attempt to state a viable claim against the City of Norwich or any of the other named officers, he may file an Amended Complaint on or before December 23, 2021.** Any such Amended Complaint must <u>not</u> assert any claims that have been dismissed <u>with prejudice</u> in this Order. An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original Complaint in evaluating any Amended Complaint. The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

If plaintiff does not file an Amended Complaint by December 23, 2021, the Court will presume that he intends to proceed against Officer Ryan Froehlich only, and the case will proceed to service against him.

<u>**CHANGES OF ADDRESS**</u>: If plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court. **Failure to do so may result**

**in the dismissal of the case.** Plaintiff must give notice of a new address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address. He should also notify the defendants or defense counsel of his new address.

Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court. Discovery requests and responses should **not** be filed on the docket, except when required in connection with a motion to compel or for protective order. See D. Conn. L. Civ. R. 5(f). Discovery requests and responses or objections must be served on defendants' counsel by regular mail.

It is so ordered this 23rd day of November, 2021, at New Haven, Connecticut.

                                    /s/
                                    _____
                                    HON. SARAH A. L. MERRIAM
                                    UNITED STATES DISTRICT JUDGE