**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
OLES JEAN-BAPTISTE           :     Civ. No. 3:21CV01482(SALM)
                             :
v.                           :
                             :
OFFICER RYAN FROEHLICH,      :
et al.                       :     January 10, 2022
                             :
-----------------------------x
```

**INITIAL REVIEW ORDER -- AMENDED COMPLAINT**

Self-represented plaintiff Oles Jean-Baptiste ("plaintiff"), a pretrial detainee[1] in the custody of the Connecticut Department of Correction ("DOC"), brings this action pursuant to 42 U.S.C. §1983 against a variety of defendants apparently associated with the Norwich Police Department. See Doc. #17 at 1-2. Plaintiff was been granted leave to proceed in this matter in forma pauperis. See Doc. #8. On November 23, 2021, the Court issued an Initial Review Order of the original

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that plaintiff was admitted to custody on March 3, 2020, and has not been sentenced. See Inmate Information, CONNECTICUT DEPARTMENT OF CORRECTION, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=249440 (last visited Jan. 10, 2022).

Complaint, permitting the case to proceed as against defendant Froehlich, in his individual capacity, on plaintiff's claim of excessive force in violation of the Fourth Amendment. See Doc. #9 at 8. The Court dismissed all claims against the other defendants without prejudice, for failure to allege personal involvement in the alleged use of force.

Plaintiff has filed an Amended Complaint, reasserting claims against all of the individual defendants, and adding the City of Norwich as a defendant. See Doc. #17 at 2. The Court now proceeds to review of that Amended Complaint.

I.   **STANDARD OF REVIEW**

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). This duty includes review of amended complaints. The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. See Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019).

## II.  DISCUSSION

The Amended Complaint adds the following wholly conclusory allegations against the defendants other than Froehlich:

> [All defendants] caused assault and battery to me, these officers used excessive force upon me, these officers subjected me to cruel and unusual punishment(s).

> These officers above names mentioned violated my rights to be free from the use of excessive force while working for the Norwich Police Department and the City of Norwich.

Doc. #17 at 5 (sic). Plaintiff makes detailed allegations as to the use of force by Froehlich. See id. at 3.

As it did previously, the Court again construes the Complaint, very generously, as asserting (A) a Fourth Amendment

excessive force claim against Froehlich and (B) a failure to intervene claim against the remaining defendants. The Court construes the Complaint as bringing claims against all defendants in their individual capacities, for money damages; the Amended Complaint makes no demand for injunctive relief. See id. at 7.

### A.   The Amended Complaint Fails to State a Claim Against Any Individual Defendant Other than Froehlich

As the Court explained in its Initial Review of the original Complaint: "In order to state a claim for damages under section 1983, the plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation." Roque v. Armstrong, 392 F. Supp. 2d 382, 388 (D. Conn. 2005). The original Complaint made no allegations at all against any defendant other than Froehlich. The Amended Complaint adds only purely conclusory allegations against the other defendants. Plaintiff has made no specific allegations of actual conduct by any defendant other than Froehlich. Rather, he repeatedly asserts that "the defendants," collectively, violated his rights. Such conclusory allegations are insufficient to state a claim against each of these individual defendants. See, e.g., Harris v. Dougherty, No. 3:17CV00440(VAB), 2017 WL 1902151, at *4 (D. Conn. May 9, 2017) (dismissing claims where plaintiff

"alleges no facts to support the conclusory claims that these Defendants violated his Eighth or First Amendment rights[]"); <u>Miley v. Hous. Auth. of City of, Bridgeport</u>, 926 F. Supp. 2d 420, 434 (D. Conn. 2013) (dismissing claims against defendant where plaintiff "only conclusorily alleged that [the defendant] was involved in the alleged" constitutional violation); <u>Davis v. United States</u>, 430 F. Supp. 2d 67, 79 (D. Conn. 2006) (dismissing claims where plaintiff "failed to set forth specific facts showing that [the defendant] was personally involved in the alleged constitutional deprivation"); <u>Buckley v. McBain</u>, 113 F.3d 1229 (2d Cir. 1997) (affirming dismissal of §1983 claims where plaintiff "offered only conclusory allegations, failing to identify how each defendant participated in the alleged" violation).

**B. The Amended Complaint Fails to State a Claim against the City of Norwich**

The Amended Complaint again names the City of Norwich as a defendant; however, again, no factual allegations are made against the City. The Court explained the standard for pleading a §1983 claim against a city in its Initial Review of the original Complaint:

> "[A] municipality cannot be held liable under §1983 on a <u>respondeat</u> <u>superior</u> theory." <u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436 U.S. 658, 691 (1978). Local governments "are not vicariously liable under §1983 for their employees' actions." <u>Outlaw v. City of Hartford</u>, 884 F.3d 351, 372 (2d Cir. 2018). "Plaintiffs who seek

to impose liability on local governments under §1983 must prove, <u>inter</u> <u>alia</u>, that the individuals who violated their federal rights took action pursuant to official municipal policy." <u>Id.</u> (citations and quotation marks omitted).

Doc. #9 at 7. The Amended Complaint does not allege any policy, or any facts even suggesting such a policy, sufficient to state a <u>Monell</u> claim against the City of Norwich. Accordingly, all claims against the City of Norwich are **DISMISSED**.

### C.    The Court Has Previously Dismissed All Claims Against the Norwich Police Department with Prejudice

In the Initial Review of the original Complaint, the Court dismissed all claims against the Norwich Police Department with prejudice, and barred plaintiff from reasserting such claims. <u>See</u> Doc. #9 at 7-8, 9. Any claims against the Norwich Police Department remain **DISMISSED, with prejudice**. Plaintiff is cautioned against attempting to reassert these claims.

## III. <u>CONCLUSION</u>

The Court finds that the Amended Complaint has not corrected the deficiencies identified in the Initial Review Order (Doc. #9). The Amended Complaint fails to state a claim upon which relief may be granted against any defendant other than Froehlich. The Court therefore enters the following orders:

- All claims against the City of Norwich, Matthew Seidel, Harrison Formiglio, Elizabeth Harsley, Benjamin Sawary,

James V. Mastroian, and Matthew Goddu, are **DISMISSED, without prejudice.**

- All claims against the Norwich Police Department remain **DISMISSED, with prejudice.**

- The case may proceed to service on plaintiff's Fourth Amendment excessive force claim against Officer Ryan Froehlich, in his individual capacity, for damages.

Plaintiff has two options as to how to proceed after this Initial Review Order:

(1)  **If plaintiff wishes to proceed with the Complaint as against Officer Ryan Froehlich only, in his individual capacity, he may do so without further delay.** To choose this option, plaintiff need only file a Notice on the docket stating that he wishes to proceed against Officer Froehlich only. If plaintiff files this Notice, the Clerk will immediately provide plaintiff with the "service packets" to be completed, so that the process of service on defendant Froehlich (by waiver or, if necessary, by formal service) can begin.

(2)  **If plaintiff wishes to attempt to state a viable claim against the City of Norwich or any of the other named officers, the Court grants him one final opportunity to do so. Plaintiff may file a Second Amended Complaint on or before February 4, 2022.** A Second Amended Complaint, if filed, will completely replace the Complaint and the Amended Complaint, and the Court

will not consider any allegations made in the original Complaint or the Amended Complaint in evaluating any Second Amended Complaint. The Court will review any Second Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

If plaintiff does not file a Second Amended Complaint by February 4, 2022, the Court will presume that he intends to proceed against Officer Ryan Froehlich only, and the case will proceed to service against defendant Froehlich.

**CHANGES OF ADDRESS**: If plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court. **Failure to do so may result in the dismissal of the case**. Plaintiff must give notice of a new address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address. He should also notify the defendants or defense counsel of his new address.

Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court. Discovery requests and responses should **not** be filed on the docket, except when required in connection with a motion to compel or for protective order. See D. Conn. L. Civ. R. 5(f).

Discovery requests and responses or objections must be served on defendants' counsel by regular mail.

It is so ordered this 10th day of January, 2022, at New Haven, Connecticut.

/s/
_____
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE